UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE MIKELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV425-272 |
| SHALENA COOK JONES, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Kenneth Wayne Mikell filed this 42 U.S.C. § 1983 action against Shalena Cook Jones, the District Attorney of Chatham County, Georgia, and several assistant district attorneys. *See* doc. 1 at 9. The Court granted him leave to proceed *in forma pauperis*, doc. 6, and he returned the required forms, docs. 10 & 12.[1] He has also consented to the undersigned's jurisdiction over this case. *See* docs. 8 & 13. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C.

---

[1] Mikell has moved to extend the deadline for his submission of the forms. *See* doc. 11. The Motion is dated December 8, 2025. *Id.* at 1. Pursuant to the Court's Order granting his request to proceed *in forma pauperis*, doc. 6, the forms were due by December 5, 2025. Fed. R. Civ. P. 6(d). His Motion, therefore, seeks a retroactive extension of the deadline. The Court finds that the administrative delays in his account custodian's completion and return of the prisoner trust account statement form, *see* doc. 11 at 2, is sufficient to grant such an extension. *See* Fed. R. Civ. P. 6(b)(1)(B). The Court, therefore, **GRANTS** his Motion. Doc. 11. The forms are, therefore, deemed timely filed.

1

§ 1915A. For the reasons explained below, his Complaint is **DISMISSED**. Doc. 1.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

As relevant to the disposition of this case, Mikell alleges that he was convicted, after a jury trial, on unspecified charges and sentenced to life without the possibility of parole. *See* doc. 1 at 10-12. Mikell's Complaint is not entirely forthcoming about the nature of that conviction. As the Georgia Court of Appeals summarized in affirming it, he was convicted of one count of enticing a child for indecent purposes and three counts of child molestation, for luring the six-year-old daughter of a

woman whose sink he was hired to fix to a secluded spot and molesting her. *See Mikell v. State*, 637 S.E. 2d 142, 145-46 (Ga. Ct. App. 2006). A prior South Carolina conviction was introduced as evidence both at trial and in support of a "recidivist" sentence. Doc. 1 at 10-11. However, Mikell contends that the South Carolina prosecution was disposed of as "nolle prosequi," and, therefore, improperly considered in his Chatham County prosecution. *Id.* at 10-12, 14-16. He lists numerous attempts to challenge his conviction and sentence in state courts, dating back to 2008. *Id.* at 12-14. His most recent attempt, apparently, remains pending. *Id.* at 13-14. He seeks monetary damages, "a dismissal of the conviction / sentence with prejudice," and his immediate release. *Id.* at 25-26. For the reasons explained below, it is clear that no viable claim is asserted, or could be asserted, from the facts alleged.

Mikell's request for "dismissal" of a state conviction and sentence and immediate release are not available relief in a 42 U.S.C. § 1983 case. The Supreme Court has explained that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v.*

*Humphrey*, 512 U.S. 477, 481 (1994). Therefore, to the extent that Mikell's Complaint seeks such relief, it is **DISMISSED**.

Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and

which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Courts have recognized that "prosecutors have been held absolutely immune to carry out such advocacy actions as making sentencing recommendations." *Yeager v. Binford*, 2019 WL 630296, at *2 (M.D. Ala. Feb. 14, 2019) (internal quotation marks, alterations, and citations omitted). Prosecutors also enjoy absolute immunity against claims under Georgia law. *See, e.g., Holsey v. Hind*, 377 S.E. 2d 200, 200-01 (Ga. Ct. App. 1988). Since the only defendants Mikell names are prosecutors, *see* doc. 1 at 9, and all of the alleged misconduct occurred during the course of his criminal prosecution, *id.* at 10-12, all of the defendants are absolutely immune from damages claims arising from those facts. To the

extent that he seeks monetary damages, therefore, under any legal theory, his claims are **DISMISSED**.

Even if Mikell's requests were cognizable and the named defendants were not immune, his claims are untimely. The Georgia Court of Appeals affirmed the rejection of Mikell's argument that his prior South Carolina conviction was improperly considered in sentencing him in 2011. *See Mikell v. State*, 710 S.E. 2d 824, 825 (Ga. Ct. App. 2011). It noted that he was convicted in 2004. *Id.* In 2009, "he filed a motion to correct what he claimed was a void sentence." *Id.* Mikell's Complaint identifies motions filed as early as March 2008. Doc. 1 at 12. The Court of Appeals affirmed his conviction, on direct appeal, in 2006. *See Mikell*, 637 S.E. 2d 142. Although the procedural history is not completely clear, it seems that any habeas claim or § 1983 claim arising from the 2004 conviction would be years out of time. *See, e.g.,* 28 U.S.C. § 2244(d); *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986); *see also* O.C.G.A. § 9-3-33.

Accordingly, because Mikell's claims for immediate or speedier release are not cognizable under § 1983 and all of the defendants are immune from any claim for monetary damages, his Complaint is

**DISMISSED** for failure to state a claim upon which relief may be granted. Doc. 1. While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any amendment would be futile. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, the Court must assess Mikell's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Account Statement indicates that the average monthly deposits to his prison trust account were $273.00 in the six months prior to the Complaint. Doc. 12 at 1. He, therefore, owes a $54.60 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in

this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 30th day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA